[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11583
Non-Argument Calendar

_____

D. C. Docket No. 06-00072-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARBEY MEDINA-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 10, 2008)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Arbey Medina-Flores appeals his conviction and 151-month sentence for

possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(A)(viii).  After review, we affirm.

## I.  BACKGROUND

Medina-Flores was arrested during an undercover operation by Drug Enforcement Agency ("DEA") agents.  An undercover DEA agent met Jose Luis Salazar-Flores, Medina-Flores's cousin, at a Cracker Barrel restaurant to purchase methamphetamine.  Salazar-Flores escorted the DEA agent to a car driven by Medina-Flores.

After Salazar-Flores and the DEA agent entered Medina-Flores's car, Salazar-Flores motioned to the DEA agent that the drugs were in the back.  Both Salazar-Flores and Medina-Flores then pointed to a child car seat.  When the DEA agent could not see the drugs, Medina-Flores told the DEA agent that the drugs were behind the cushioning of the car seat.  The DEA agent lifted the cushioning and found several cylindrical objects wrapped in cellophane.

Using a razorblade provided by Salazar-Flores, the DEA agent opened one of the packages and saw a brown, powdery substance.  Subsequent tests revealed the substance was methamphetamine.

Medina-Flores attempted to enter a guilty plea.  At the plea hearing, the government recited its version of the facts as outlined above.  However, Medina-Flores indicated that he did not know when he accompanied his cousin Salazar-

Flores to the Cracker Barrel restaurant that there were drugs hidden in his car and that he only realized the drugs were present when his cousin pointed them out to the DEA agent. Medina-Flores also said that had he known that Salazar-Flores was involved in a drug transaction, he would not have agreed to go with Salazar-Flores to the restaurant.

Although Medina-Flores's counsel argued that there was a sufficient basis for the guilty plea, a magistrate judge concluded otherwise in a report and recommendation ("R&R"). The district court adopted the R&R, and the case proceeded to trial.

At trial, Medina-Flores called his cousin Salazar-Flores, who testified that Medina-Flores did not know that drugs were in the car. Medina-Flores's defense was that he could not possess the drugs since he did not know that the drugs were in his car. The jury convicted Medina-Flores.

The presentence investigation report ("PSI") concluded that Medina-Flores was not entitled to an acceptance of responsibility reduction. With a total offense level of 34 and a criminal history category of I, the PSI recommended an advisory guidelines range of 151 to 188 months' imprisonment. Medina-Flores objected to the PSI, arguing, inter alia, that he should receive an acceptance of responsibility reduction because he admitted his involvement in the offense when he attempted to

3

plead guilty.

At sentencing, the district court overruled Medina-Flores's objection to the denial of an acceptance of responsibility reduction. The district court noted that Medina-Flores's statement at his plea hearing was that he learned of the existence of the drugs only seconds before his arrest, which did not come "anywhere close to admitting guilt, or attempting to admit guilt." The district court adopted the guidelines calculations in the PSI and imposed a 151-month sentence. Medina-Flores filed this appeal.

## II. DISCUSSION

### A.     Rejection of Guilty Plea

On appeal, Medina-Flores argues that the district court abused its discretion in rejecting his guilty plea.[1]

A defendant does not possess an absolute right to have his guilty plea accepted. Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 498 (1971). Federal Rule of Criminal Procedure 11(b)(3) states that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); see also United States v. Gamboa, 166 F.3d 1327, 1331 n.4 (11th Cir. 1999) (stating that "[a] court cannot accept a guilty plea unless it is

_____

[1]We review a district court's rejection of a guilty plea for an abuse of discretion. United States v. Gamboa, 166 F.3d 1327, 1330 n.2 (11th Cir. 1999).

satisfied that the conduct to which the defendant admits constitutes the offense charged"). "In determining whether there was a sufficient factual basis for a guilty plea, [we] must consider whether the district judge was subjectively satisfied with the basis for the plea." United States v. Houser, 70 F.3d 87, 89-90 (11th Cir. 1995).

Furthermore, "[i]t is far better for a court to err on the side of rejecting a valid guilty plea than to violate a defendant's constitutional rights by entering judgment on a defective plea." United States v. Gomez-Gomez, 822 F.2d 1008, 1011 (11th Cir. 1987). While a district court may accept an Alford plea[2] – a guilty plea accompanied by assertions of fact that would negate guilt – the court is not required to accept such a plea and may instead treat the defendant's statements as a claim of innocence. Id. ("[W]hen a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against the plea.").

At his plea hearing, Medina-Flores maintained that: (1) he was unaware of the existence of the drugs as he drove to the Cracker Barrel restaurant and only

---

[2]North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970) (concluding that a district court does not err by accepting a guilty plea that is accompanied by the defendant's assertion of innocence when the defendant concludes that a guilty plea is in his best interest and there is strong evidence of guilt).

learned of their existence when Salazar-Flores pointed them out to the DEA agent; (2) he would not have agreed to accompany Salazar-Flores to the restaurant had he known Salazar-Flores was involved in a drug deal; and (3) he was pleading guilty because the drugs were in his car, even though he was unaware of them.

Given Medina-Flores's statements, the district court was not satisfied that the conduct to which Medina-Flores admitted constituted the charged offense. Even if the district court could have accepted Medina-Flores's guilty plea as an Alford plea, the district court was not required to accept the plea and was within its discretion to interpret Medina-Flores's statements as a claim of innocence. We cannot say the district court abused its discretion in refusing to accept Medina-Flores's guilty plea.

## B.    Acceptance of Responsibility Reduction

Medina-Flores also argues that the district court clearly erred in denying him a two-level acceptance of responsibility reduction based on his statements during his plea hearing that he pointed out the methamphetamine to an undercover agent during a drug transaction.

A defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The commentary to § 3E1.1 indicates that in the "rare situation[]" that a defendant

6

proceeds to trial "to assert and preserve issues that do not relate to factual guilt," the defendant may be entitled to an acceptance of responsibility reduction if his "pre-trial statements and conduct" demonstrate that he has accepted responsibility. U.S.S.G. § 3E1.1 cmt. n.2. However, that commentary also provides that a defendant who denies the "essential factual elements of guilt" at trial is not entitled to an acceptance of responsibility reduction. Id.[3]

Here, Medina-Flores maintained throughout the proceedings in the district court that he did not know there were drugs in his car until his cousin Salazar-Flores showed them to the DEA agent. Consequently, Medina-Flores argued at trial that his possession of the drugs was not "knowing" – that is, he attempted to negate the essential factual element of intent. Thus, Medina-Flores was not eligible for a § 3E1.1 acceptance of responsibility reduction.

**AFFIRMED.**

---

[3]The relevant commentary to § 3E1.1 states:
> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for [the acceptance of responsibility] reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur . . . where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . . In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1 cmt. n.2 (emphasis added).